IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY A. WALKER, | No. 4:cv 01-1644 |
| Plaintiff, | (Judge Jones) |
| v. | (Magistrate Judge Blewitt) |
| MICHAEL ZENK, et al., | |
| Defendants. | |

**MEMORANDUM AND ORDER**

May 10, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Plaintiff Jeffrey A. Walker's ("Plaintiff" or "Walker") Petition for Writ of Attachment Pursuant to Fed.R.Civ.P. 64. (Rec. Doc. 119). On June 2, 2003, this Court dismissed Plaintiff's Bivens action and directed the Clerk to close the file on this case. (See Rec. Doc. 109). In the interim, Plaintiff has filed an appeal with the Third Circuit Court of Appeals that remains pending as of this date. In his Petition, Plaintiff seeks a writ of attachment in the amount of $400,000,000.00 to be secured by bond or securities from eleven individuals, nine of whom are named Defendants in Walker's action.

Rule 64 provides, in relevant part:

> At the commencement of and **during the course of an action**, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought,....

(emphasis added). Although Walker's appeal is pending before the Third Circuit, his action was closed by our final order dated June 2, 2003 and has remained closed. (See Rec. Doc. 109). Since the case is closed, Rule 64 does not apply because it can only be used by a Plaintiff "during the course of an action." Fed. R.Civ.P. 64.

Even if Rule 64 was not so limited, we nonetheless would lack jurisdiction over Plaintiff's Petition. While a case is on appeal following an entry of final judgment, a district court lacks jurisdiction over the action. See e.g., Dolenc v. Love, 40 F.3d 656, 658 n.2 (3d Cir. 1999)(holding that a district court did not retain jurisdiction over an action after stating that a case was closed even while that case was on appeal).

Therefore, we must summarily deny Plaintiff's Petition for the foregoing reasons.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Petition for Writ of Attachment Pursuant to Fed.R.Civ.P. 64 (Rec. Doc. 119) is DENIED.

                              _____
                              John E. Jones III
                              United States District Judge