IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY A. WALKER, | : | CIVIL ACTION NO. **4:CV-01-1644** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL ZENK, Warden, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

Plaintiff, Jeffrey A. Walker, formerly an inmate incarcerated at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), filed this action pursuant to 28 U.S.C. § 1331, on August 24, 2001. (Doc. 1).[1] Plaintiff alleged in his Complaint[2] that Bureau of Prisons ("BOP") employees violated several of his Constitutional rights.

On June 2, 2003, the District Court granted Defendants' Motion for Reconsideration of the Court's April 1, 2003 Order, and granted Defendants' Motion to Dismiss the Plaintiff's Complaint without prejudice. Plaintiff filed a Motion for Reconsideration of the Court's June 2, 2003 Order, which was denied on July 31, 2003. The Court essentially found that since Plaintiff did not exhaust all of his claims, his entire case should be dismissed without prejudice.[3]

---

1. Plaintiff is presently confined at FCI-Fairton, N.J.  (Docs. 132 and 157, p. 2).

2.   We note that the number of Defendants named in Plaintiff's August 24, 2001 Complaint was nine (9). (Doc. 1).

3. As discussed below, only two of Plaintiff's claims were exhausted.

Subsequently, Plaintiff appealed to the Third Circuit, Appeal No. 03-3298. The Third Circuit issued an Order on February 15, 2007, vacating the District Court's July 31, 2003 Order, and holding that only Plaintiff's unexhausted claims should have been dismissed and that his two exhausted claims should have been considered by the District Court. The Third Circuit Court then remanded the case to the District Court, and the District Court remanded it to the undersigned. (Docs. 124 and 125). An Order was issued directing Defendants to respond to Plaintiff's two unexhausted claims, namely his First Amendment confiscation of legal materials claim and his Fourteenth Amendment due process claim regarding his March 22, 2001 disciplinary hearing. (Doc. 125).

Defendants requested additional time to respond to Plaintiff's two remaining exhausted claims, and, on March 20, 2007, the Court granted the request and afforded Defendants additional time to May 18, 2007. (Doc. 131).

On March 29, 2007, Plaintiff filed a Motion for Writ of Attachment pursuant to Fed. R. Civ. P. 64, and a support Brief with attached exhibits (A-J). (Docs. 132 and 133). The Court directed Defendants to respond to Plaintiff's Motion, and they did so on April 17, 2007. (Doc. 138). Plaintiff requested the Court to issue pre-judgement writs of attachment against each of the eleven (11) Defendants he indicated were named in his Complaint[4], and he requested the Court to issue a writ attaching $4 hundred million against each Defendant. (Doc. 133, pp. 1-2). On May 1, 2007, we issued an Order denying Plaintiff's Motion for Writ of Attachment. (Doc. 139). We also denied

---

4. As noted above, Plaintiff named only nine Defendants in his original Complaint.

Plaintiff's subsequent Motion for Reconsideration regarding the stated Order. (Doc. 146).

On May 7, 2007, Plaintiff filed a Motion to Amend his Complaint, along with a proposed amended pleading. (Doc. 143). On May 25, 2007, Defendants filed their Brief in opposition to Plaintiff 's Motion to Amend. Plaintiff's Motion to Amend will become ripe on June 11, 2007.

On May 18, 2007, Defendants filed a second Motion for an Extension of Time to respond to Plaintiff's original Complaint until ten days after the Court rules upon Plaintiff's Motion to Amend his Complaint. The Court granted Defendants' stated Motion on May 21, 2007. (Doc. 151).

On May 17, 2007, Plaintiff filed a Motion for Summary Judgment **(Doc. 147)**, a support Brief with Exhibits (Doc. 148), and a Statement of Material Facts. (Doc. 149). On June 4, 2007, Plaintiff filed a Notice for Default Entry pursuant to Fed. R. Civ. P. 55(a), which was docketed as a Motion for Entry of Default **(Doc. 154).** Also on June 4, 2007, Plaintiff filed a Motion for Default Judgment **(Doc. 155)** and a support Brief (Doc. 156). Defendants, on June 4, 2007, filed their Brief in opposition to Plaintiff's Summary Judgment Motion. (Doc. 157).

We now consider Plaintiff's Summary Judgment Motion, as well as his Motion for Entry of Default and his Motion for Default Judgment. (Docs. 147, 154 and 155).

## II.   Summary Judgment Standard.

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the

nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

**III. Discussion.**

### *1. Plaintiff's Summary Judgment Motion*

As stated, at this stage of the case, the Defendants have not yet responded to Plaintiff's original Complaint and his remaining two exhausted claims.  Nor has the Court even considered Plaintiff's Motion to Amend his pleading, since it is not yet ripe for disposition.  Defendants have been granted an extension to respond to Plaintiff's pleading until ten (10) days after the Court rules upon Plaintiff's Motion to Amend.  Obviously, it is not yet clear as to which of Plaintiff's pleadings, *i.e.*, his original Complaint or proposed Amended Complaint, Defendants will have to address in their response.  Regardless of the procedural history of this case, which is in its beginning stages, relatively speaking, since it was remanded to this Court by the Third Circuit, we agree with Defendants that Plaintiff's dispositive motion is completely premature and should be denied as such without prejudice to re-file after Defendants have responded to his pleading, either original or amended, and after discovery is completed.

As Defendants point out, it is not even clear, at this juncture of the case, which pleading the Court will allow Plaintiff to proceed upon. Defendants also state that it is not clear as to which pleading Plaintiff is moving for summary judgment. (Doc. 157, p. 5).  We agree with Defendants. After a determination is made as to which pleading Plaintiff will be allowed to proceed upon, Defendants will than have ten days to respond to the relevant pleading.  Discovery will then be

allowed.[5] At this time, Defendants have not even been given an opportunity to assert any defense they may have to Plaintiff's pleading, be it his original Complaint or his proposed Amended Complaint. Thus, it is entirely premature for Plaintiff to move for summary judgment at this stage of the case. Based on this, we shall recommend that Plaintiff's Summary Judgment Motion (Doc. 147) be denied without prejudice to re-file it at the appropriate time.

### *2. Plaintiff's Motion for Default and Motion for Default Judgment*

Plaintiff's Notice of Default is premised on his assertion that Defendants did not timely respond to his Summary Judgment Motion filed on May 7, 2007. (Doc. 154). Plaintiff incorrectly states that Defendants' response to this Motion was due May 29, 2007.[6] Defendants' response to Plaintiff's Summary Judgment Motion was due fifteen (15) days after Defendants were served with Plaintiff's Brief. According to the docket, Plaintiff filed his Summary Judgment Brief on May 17, 2007, and he indicates that he mailed it to Defendants on May 15, 2007. Defendants then had fifteen (15) days after they received Plaintiff's Brief to file their opposition brief. Defendants' Brief in opposition to Plaintiff's Summary Judgment Motion was filed on June 4, 2007, which may have been within the fifteen (15) days of service of Plaintiff's Brief. In any event, we find no prejudice to Plaintiff. Indeed, as discussed above, we find that Plaintiff's Summary Judgment Motion is completely premature in this case. Thus, we shall recommend that Plaintiff's June 4, 2007 Notice

---

5. Once the Court determines which pleading Plaintiff will be permitted to proceed upon, it will issue a scheduling order setting a discovery deadline and a dispositive motion deadline.

6. Plaintiff incorrectly states that Defendants had 10 working days to file their opposition brief. Local Rule 7.6 M. D. Pa. provides that an opposition brief to a motion is due 15 days after service of the movant's brief.

for Default Entry, docketed as a Motion, be denied. (Doc. 154).

In his Brief in support of his Motion for Default Judgment, Plaintiff again mistakenly states that Defendants' opposition Brief to his Summary Judgment Motion was due ten (10) days after the date of his May 15 Motion. Plaintiff requests that any response by Defendants to his Summary Judgment Motion be denied as untimely. Plaintiff also claims, without substantiation, that Defendants have "employed all sorts of tactics to delay and stifle this action" and by "illegally confiscating all Plaintiff's legal files." (Doc. 156, p. 3). We have stated that Defendants' Brief was due fifteen (15) days after they were served with Plaintiff's Brief, and not ten (10) days after Plaintiff dated his Summary Judgment Motion. We have found Defendants' Brief may have been timely and, more importantly, we have found no prejudice to Plaintiff with respect to Defendants' filing of their opposition Brief to his Summary Judgment Motion. We find that Plaintiff's severe and extreme request for relief in the nature of a "Default Order against all the Defendants" is completely unwarranted under the facts of this case.

Therefore, we shall recommend that Plaintiff's Motion for Entry of Default and Motion for Default Judgment against all Defendants be denied.

**IV. Recommendation.**

Based on the forgoing, we respectfully recommend that Plaintiff's Motion for Summary Judgment **(Doc. 147)** be denied without prejudice as premature. We also recommend that Plaintiff's Notice of Entry of Default, docketed as a Motion **(Doc. 154)** be denied. Further, we recommend that Plaintiff's Motion for Default Judgment **(Doc. 155)** be denied.

> <u>**s/ Thomas M. Blewitt**</u>
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: June 8, 2007**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY A. WALKER, | : | CIVIL ACTION NO. **4:CV-01-1644** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL ZENK, Warden, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 8, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                           <u>s/ Thomas M. BLewitt</u>
                                                           **THOMAS M. BLEWITT**
                                                           **United States Magistrate Judge**

**Dated: June 8, 2007**