IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY A. WALKER, | : | |
| Plaintiff, | : | |
| | : | Civil No. 4:01-cv-1644 |
| v. | : | |
| | : | Judge John E. Jones III |
| MICHAEL ZENK, *et al.,* | : | |
| Defendants | : | |

## **MEMORANDUM**

February 7, 2008

Before the Court is the Report and Recommendation ("R&R") of Magistrate

Judge Thomas M. Blewitt filed on November 15, 2007.  (Doc. 184.)  The R&R

addresses three motions currently pending in this *Bivens* action instituted by

Plaintiff Jeffrey Walker.  First, the R&R recommends denial of Walker's motion to

join new parties (Doc. 177).  The Court will adopt this recommendation and deny

Walker's joinder motion.  Second, the R&R recommends denial of Walker's

second motion for summary judgment (Doc. 165).  The Court will also adopt this

recommendation and deny Walker's summary judgment motion.  Finally, the R&R

recommends that the defendants' motion to dismiss and for summary judgment

(Doc. 163) be denied to the extent it seeks summary judgment and granted in part

and denied in part to the extent it seeks dismissal of Walker's complaint.  The

Court will adopt this recommendation in part, deny defendants' motion for summary judgment, and grant their motion to dismiss in its entirety.

## I.   PROCEDURAL HISTORY

The long and winding road of this litigation is well known to the parties and amply set forth in their submissions and the R&R.  The Court will therefore only summarize here the background necessary to the disposition of the present motions.

Walker began this litigation more than six years ago with the filing of a *Bivens* complaint on August 24, 2001.  (Doc. 1.)  On November 13, 2001, the defendants filed a motion to dismiss or in the alternative for summary judgment. (Doc. 17.)  After delays caused by numerous other motions, discovery disputes, and attempted appeals, on February 25, 2003, the Magistrate Judge recommended that Walker's complaint be dismissed for failure to exhaust administrative remedies as to some of his claims.  (Doc. 90.)  On April 1, 2003, the Court issued an order rejecting this recommendation and denying the defendants' motion to dismiss after finding that Walker had exhausted available administrative remedies for his First Amendment claim regarding denial of access to the courts.  (Doc. 94.)

On April 15, 2003, the defendants filed a motion for reconsideration, arguing that, while Walker exhausted his administrative remedies as to his First

Amendment and due process claims, he had not exhausted as to his other claims, and under the rule of total exhaustion, his entire complaint must be dismissed. (Docs. 95, 101.)  On June 6, 2003, the Court granted the defendants' motion for reconsideration, vacated its April 1, 2003 order, and granted the defendants' motion to dismiss for Walker's failure to exhaust administrative remedies as to some of his claims.[1]  (Doc. 109.)  Walker moved for reconsideration (Doc. 111), which the Court denied on July 31, 2003 (Doc. 113).

On February 15, 2007, the Third Circuit vacated the Court's July 31, 2003 order and remanded the case in light of the recently decided Supreme Court case *Jones v. Bock*, --- U.S. ---, 127 S. Ct. 910 (2007), which held that, under the PLRA, when an inmate exhausts his administrative remedies for some of his claims, but not all, the district court should consider the claims that were exhausted and dismiss only the unexhausted claims.  *Walker v. Zenk*, 217 Fed. Appx. 170 (3d Cir. 2007).

On remand, the defendants were ordered to respond to the two claims in Walker's complaint as to which he had exhausted his administrative remedies:  his

---

[1] The bulk of Walker's objections to the current R&R are based on his argument that the defendants are barred by res judicata and/or collateral estoppel from bringing their current motion to dismiss and for summary judgment because the Court denied their motion to dismiss in its April 1, 2003.  Notwithstanding the legal deficiencies in Walker's argument, the Court's April 1, 2003 order was vacated upon reconsideration and thus is not the law of the case. Walker's objections will therefore be overruled.

First Amendment denial of access to the courts claim and his due process claim

regarding a March 22, 2001 disciplinary hearing.  (Docs. 124, 125.)  Walker's First

Amendment claims arises from allegations that the defendants confiscated his legal

materials during a January 26, 2001 "shakedown" of his cell.  Walker's due

process claim arises out of allegations that a weapon was planted in his cell and

that he was found guilty of possessing the weapon by the disciplinary hearing

officer ("DHO") based on false statements made against him.  These are the only

two claims that remain in this action.

Before defendants filed their response to Walker's two remaining claims,

Walker filed a slew of motions (*see* Docs. 127, 132, 144, 154, 155), including both

a motion for summary judgment on his original complaint (Doc. 147) and a motion

to file an amended complaint (Doc. 143).

By order of June 8, 2007, the Magistrate Judge recommended Walker's

motion for summary judgment be denied as premature because the defendants had

yet to file any responsive pleading and in light of Walker's attempts to amend his

complaint. (Doc. 159.)  The Court adopted this recommendation.  (Doc. 162.)

By order of June 19, 2007, the Magistrate Judge denied on the merits

Walker's motion to file an amended complaint, finding that Walker was futilely

attempting to add un-exhausted claims that had been previously dismissed by this

Court and the Third Circuit, and that the defendants would be prejudiced by adding new claims, of which Walker was long ago aware, after almost seven years of active litigation. (Doc. 161.) Walker filed objections to this order (Doc. 164), which the Court treated as an appeal of the Magistrate Judge's order. The Court denied this appeal and Walker's motion for reconsideration of this denial. (Docs. 168, 183.)

On July 3, 2007, the defendants filed the currently pending motion to dismiss and for summary judgment (Doc. 163) and subsequently filed a brief (Doc. 169) and statement of material facts (Doc. 170) in support thereof.

On July 13, 2007, Walker filed his pending motion for summary judgment (Doc. 165) and a brief (Doc. 167) and statement of material facts (Doc. 166) in support thereof. On August 30, 2007, Walker also filed a "Motion to File Jointer of Persons Needed for Just Adjudication Pursuant to Rule 19(a) of the Federal Rules of Civil Procedure" seeking to add new parties to this action. (Doc. 177.)

On November 15, 2007, the Magistrate Judge issued the R&R (Doc. 184), recommending that Walker's joinder and summary judgment motions be denied and that the defendants' motion to dismiss and for summary judgment be granted in part and denied in part. Both Walker (Docs. 190-193) and the defendants (Docs.

188-189) filed objections to the R&R and responses to each others' objections (Docs. 194, 195). The R&R is therefore ripe for review by this Court.

In reviewing an R&R, the district court makes a de novo determination with respect to those portions to which objection is made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980); *see also* Local Rule 72.3. In providing for a de novo determination rather than a de novo hearing, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations without the need to rehear testimony. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). The Court will consider the pending motions addressed by the R&R in turn.

## II.   DISCUSSION

### A.   Walker's Joinder Motion

Walker moves pursuant to Rule 19(a) to add two new defendants to this action: (1) Cindy Bryan, Administrative Remedy Coordinator and (2) Harrell Watts, Administrator Central Office. Walker states that these individuals were

6

unknown at the time he filed his complaint.[2]  Walker alleges that Bryan and Watts

conspired to violate his constitutional rights by entering into the prison's computer

system that his BP-9 administrative remedy form regarding the confiscation of his

legal documents had been withdrawn.

Federal Rule of Civil Procedure 19 governs "mandatory" joinder, under

which joinder of parties is compulsory or "necessary" if their joinder is "feasible."

*Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007).

Rule 19 provides in relevant part:

> A person who is subject to service of process and whose
> joinder will not deprive the court of subject-matter
> jurisdiction must be joined as a party if:  (A) in that
> person's absence, the court cannot accord complete relief
> among existing parties; or (B) that person claims an interest
> relating to the subject of the action and is so situated that
> disposing of the action in the person's absence may: (i) as
> a practical matter impair or impede the person's ability to
> protect the interest; or (ii) leave an existing party subject to
> a substantial risk of incurring double, multiple, or otherwise
> inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  Because Rule 19 is written in the disjunctive, if either

clause (A) or (B) is satisfied, the absent party is a necessary party that should be

joined if possible.  *Gen. Refractories Co.*, 500 F.3d at 312 (citing *Koppers Co. v.*

---

[2] Although Walker claims that these individuals were unknown to him when he filed his
complaint, the documents attached to the complaint include a letter from Bryan (Doc. 1-2 at 38)
and a multitude of correspondence between Walker and the Administrative Remedy Coordinator
(*id.* at 22, 23, 34, 35, 37, 39, 43, 44, 46, 49).

*Aetna Cas. & Sur. Co.*, 158 F.3d 170, 175 (3d Cir. 1998)).  If a party is

"necessary," the court must then determine whether joinder of that party is

"feasible."  *See* Fed. R. Civ. P. 19(b); *Gen. Refractories Co.*, 500 F.3d at 312-13.

Bryan and Watts do not claim an interest in this action, and so only clause

(A) is at issue.  Under that clause, "we ask whether complete relief may be

accorded to those persons named as parties to the action in the absence of any

unjoined parties." *Gen. Refractories Co.*, 500 F.3d at 313.[3]  This inquiry is limited

"to whether the district court can grant complete relief to persons already named as

parties to the action; what effect a decision may have on absent parties is

immaterial."  *Id.* (citing *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705

(3d Cir. 1996) and *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d

399, 405 (3d Cir. 1993)).

In this case, Bryan and Watts are not necessary parties.  The claims Walker

seeks to add against these defendants are not the same as the two claims that

remain pending against the current defendants to this action.  The only remaining

claims are Walker's allegations that the defendants confiscated his legal materials

and denied him due process with regard to his DHO hearing.  Walker does not

---

[3] A restyling of the Federal Rules became effective on December 1, 2007.  The clauses formerly denoted as Rule 19(a)(1) and (2) are now Rule 19(a)(1)(A) and (B).  The Court uses the current format in this opinion, but cases decide before the effective date of the restyling refer to the rule in its prior format.

allege that Bryan or Watts were in anyway involved in confiscating his legal materials or his DHO hearing.  Walker's claims against Bryan and Watts are that they intentionally mishandled his grievance.  This claim is unrelated to those remaining in this action, and the Court can fashion complete relief on Walker's claims against the current defendants without Bryan and Watts.

Although Walker relies only on Rule 19 in arguing for joinder of Bryan and Watts, the Court will liberally construe Walker's pro se motion, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), as alternatively requesting "permissive" joinder under Rule 20.  That rule allows a plaintiff to join parties as defendants in the same action if the plaintiff's claims against them arise out of the same transaction or occurrence and the action involves a common question of law or fact.  Fed. R. Civ. P. 20(a)(2).  Walker's motion fairs no better under Rule 20, however.  As just discussed, the claims he wishes to assert against Bryan and Watts are unrelated to the claims asserted against the current defendants.  While some of the background of these two sets of claims may be the same, the operative facts and questions of law are different:  whether the current defendants unconstitutionally confiscated Walker's legal materials and denied him due process at the DHO hearing versus whether Bryan and Watts intentionally mishandled his grievance.  Further, as the text of the rule indicates, joinder under Rule 20 is

permissive, not mandatory.  The objectives of the rule are to promote judicial

economy, and "the court has discretion to deny joinder if it determines that the

addition of the party under Rule 20 will not foster the objectives of the rule, but

will result in prejudice, expense or delay."  Wright, Miller & Kane, 7 Fed. Prac. &

Proc. Civ. 3d § 1652 (1998).  As has been stated in denying Walker's recent

attempts to amend his complaint, allowing Walker to add new claims against new

defendants at this late stage of this long-pending litigation would cause untold

prejudice and delay.  For these reasons, Walker's motion to join Bryan and Watts

as defendants will be denied.

Finally, Walker's attempt to join Bryan and Watts as defendants is barred by

the law of the case doctrine.  As the defendants and the R&R correctly note,

Walker previously attempted to add the same claims against Bryan and Watts in his

proposed amended complaint.  (*See* Doc. 143.)  Walker's motion to amend his

complaint, however, was denied.  (Doc. 161.)  "The law of the case doctrine limits

relitigation of an issue once it has been decided in an earlier stage of the same

litigation."  *Hamilton v. Leavy*, 322 F.3d 776, 786-87 (3d Cir. 2003) (quoting *In re*

*Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002)).  The doctrine is

applied to promote finality, consistency, and judicial economy.  *Id.* at 787 (citing

*In re City of Philadelphia Litig.*, 158 F.3d 711, 717-18 (3d Cir. 1998)).  Walker's

current attempt to join Bryan and Watts as defendants is simply a reformulated

effort to amend his complaint to add claims against these individuals, and is barred

by the Court's prior ruling.[4]

### B.    The Parties' Cross-Motions for Summary Judgment

Next before the Court are Walker's motion for summary judgment and the

defendants' motion to dismiss and for summary judgment.  The concurrent

resolution of these motions presents a formidable task.  *See Interbusiness Bank,*

*N.A. v. First Nat'l Bank of Mifflintown*, 318 F. Supp. 2d 230, 235 (M.D. Pa. 2004)

(citing 10A Wright, Miller & Kane, 7 Fed. Prac. & Proc. Civ. 3d § 2720 (1998)).

On cross-motions for summary judgment, the standard of review does not change.

Each moving party must independently show that there is no genuine issue as to

any material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R.

Civ. P. 56; *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968).

However, the mandate of Rule 56 that the court view all facts in the light most

favorable to the non-moving party may be difficult to apply where all parties are

---

[4] Even if Walker were allowed to add claims against Bryan and Watts, it is likely that he has failed to state any claim against them.  As noted in the R&R, Walker's allegations that Bryan and Watts violated Bureau of Prisons regulations or prison policies regarding the processing of his grievance do not give rise to a constitutional claim.  *See Jones v. N.C. Prisoners' Labor Union*, 433 U.S. 119, 138 (1977) (Burger, C.J. concurring); *Travillion v. Leon*, 248 Fed. Appx. 353, 356 (3d Cir. 2007); *Burnside v. Moser*, 138 Fed. Appx. 414, 416 (3d Cir. 2005); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa.1997), *aff'd*, 142 F.3d 430 (1998); *Hoover v. Watson*, 886 F. Supp. 410, 418-419 (D. Del.), *aff'd* 74 F.3d 1226 (3d Cir. 1995).

both moving and non-moving parties.  "Inferences to which a party is entitled with respect to the opponent's motion may not be granted with respect to its own." *Interbusiness Bank, N.A.*, 318 F. Supp. 2d at 236 (citing *United States v. Hall*, 730 F. Supp. 646, 648 (M.D. Pa. 1990).  Such circumstances may require separate opinions on the respective motions.  *See Rains*, 402 F.2d at 245; *Hall*, 730 F. Supp. at 648.

The concurrent review of a motion for summary judgment and a motion to dismiss is similarly problematic.  "Federal Rules of Civil Procedure 12(b)(6) and 56 both mandate equivalent standards of review, requiring consideration of all facts in the light most favorable to the non-moving party, but they prescribe significantly different scopes of review.  Rule 12(b)(6) strictly limits the court to the face of the pleadings, aided only by materials relied upon in the complaint or otherwise of unquestioned validity.  In contrast, Rule 56 not only permits the court to consider extrinsic evidence, but requires the non-moving party to produce such evidence when a material element of the claim is in doubt."  *Interbusiness Bank, N.A.*, 318 F. Supp. 2d at 236.

The parties in this case have further complicated this already thorny situation.  Walker's statement of material facts submitted in support of his summary judgment motion is essentially an amended complaint, which includes

12

factual allegations without citation to any supporting material, legal argument, and a prayer for relief.[5]   (*See* Doc. 166.)   The defendants' statement of facts submitted in support of their motion contains one section labeled "facts for the motion to dismiss" which purportedly summarizes the allegations of the complaint and another section labeled "facts for the motion for summary judgment" which states material facts which the defendants claim are undisputed.   (Doc. 170.)   Neither side, however, responded to the other's statement of facts as required by Local Rule 56.1, and the two statements are so different that the Court cannot review the cross-motions under the fiction that the statements counter each other.[6]   Pursuant to Local Rule 56.1, all materials facts set forth in the statements submitted in support of the motions may therefore be deemed admitted.   To deem both sets of facts as admitted, however, would lead to the absurd result of granting summary judgment where the Court is presented with two entirely different and contradictory sets of facts.

---

[5] Walker's statement of material facts also includes claims against Bryan and Watts. Once again, the Court rejects any attempt by Walker to add claims against Bryan and Watts to this action or join these individuals as defendants.

[6] Walker, at least, made an apparent attempt at responding to the defendants' statement of material facts by submitting another statement of his own after the filing of the defendants' statement.   (*See* Doc. 180.)   With the exception of two summation paragraphs, however, this submission is an identical copy of the statement submitted by Walker in support of his motion (*compare* Doc. 166 *with* Doc. 180) and does not respond to the facts asserted by the defendants.

The Court agrees with the Magistrate Judge's recommendation to deny both Walker's and the defendants' motions for summary judgment.  On the record currently before the Court, it cannot be meaningfully determined what material facts are undisputed, and therefore, summary judgment in favor of either party is improper.  Moreover, as will be discussed in detail below, the defendants' motion to dismiss will be granted, and Walker's complaint will be dismissed in its entirety. The parties' motions for summary judgment are therefore rendered essentially moot.

### C.    Defendants' Motion to Dismiss

The defendants have moved to dismiss Walker's two remaining claims.  The R&R recommends that Walker's due process claim be dismissed completely and that Walker's First Amendment claim be dismissed as to all defendants except Zenk, Bittenbinder, and Litchard.  The Court will adopt this recommendation in part and dismiss Walker's due process claim.  The Court will also dismiss Walker's First Amendment claim against all defendants.   We do so for the reasons that follow.

### 1.    Standard of Review

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept as true all of the allegations in the complaint and all reasonable inferences

14

that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A Rule 12(b)(6) motion should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved...[b]ut a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse*, 132 F.3d at 906.

## 2.    Factual Background

In accordance with this standard of review, the following facts are derived from Walker's complaint and, although they are largely denied by the defendants, these facts must be assumed true for the purposes of the current motion to dismiss. The Court sets forth only those facts that relate to Walker's First Amendment and due process claims.

Walker first alleges that Zenk, Litchard, and Bittenbinder conspired to confiscate his legal documents and thereby deny him access to the courts. (Compl. ¶¶ 18, 28.) Warden Michael Zenk ordered a "shakedown" search of his cell on January 26, 2001. (*Id.* at ¶¶ 1, 2.) Lieutenant Litchard was in charge of the shakedown, and Captain Bittenbinder participated. (*Id.* at ¶ 17.) During the

shakedown, all of Walker's legal materials were taken.  (*Id.* at ¶¶ 1.)  Among these

materials were receipts and other documents proving ownership of certain property

that is the subject of Walker's Federal Tort Claims Act ("FTCA") case.  (*Id.* at ¶¶

1, 11.)  After the shakedown, Walker was not provided with an itemized personal

property record of the materials taken from his cell, in violation of prison policy.

(*Id.* at ¶¶ 1, 4, 19, 29.)  Other inmates in Walker's cellblock kept a lot of legal

materials in their cells, but Walker was the only inmate to have his legal materials

confiscated during the shakedown.  (*Id.* at ¶¶ 1, 8.)  Walker claims that the

defendants violated his First Amendment right to access the courts by confiscating

legal materials necessary to his FTCA case.

Walker also asserts that the defendants conspired to secure his conviction of

the offense of possessing a weapon before the DHO without due process.  In

retaliation for Walker's complaints regarding the confiscation of his legal

materials, Zenk ordered a weapon to be planted in Walker's cell.  (*Id.* at ¶ 13.)  On

March 8, 2001, Bittenbinder organized and headed a shakedown of Walker's cell

between 9:00 and 9:30 in the morning.  (*Id.* at ¶ 23.)  During the morning

shakedown, a weapon was planted in Walker's property, and the weapon was

discovered during a subsequent 6:00 p.m. shakedown that day.  (*Id.* at ¶¶ 1, 13.)

During the investigation of this incident, the investigating officer, Lieutenant

Sanchez, falsely claimed that Walker stated he had secured his locker before leaving his cell on March 8, 2001, implying that a weapon could not have been planted in the locked locker. (*Id.* at ¶ 32.) This claim contradicted Walker's statement that he had left his locker open on that date and was made to secure a finding of Walker's guilt at his March 22, 2001 disciplinary hearing. (*Id.*)

As relief, Walker's complaint seeks $200 million in compensatory damages and $200 million in punitive damages. (*Id.* at 13.)

### 3.   Plaintiff's Prayer for Relief

As an initial matter, the R&R correctly concludes that Walker's request for a specific amount of compensatory and punitive damages must be stricken. Pursuant to Local Rule 8.1, except in diversity cases where the plaintiff must allege the amount in controversy required to invoke federal jurisdiction, a plaintiff must not request a specific amount of unliquidated damages, but rather, set forth generally that he is entitled to monetary relief. Jurisdiction over this *Bivens* action is based on its federal subject matter, not diversity, and therefore Walker's request for specific amounts of damages must be stricken.

### 4.   Claims Against the Defendants in Their Official Capacities

Walker's complaint states that he seeks monetary damages from all defendants in their official and individual capacities. All claims against the

17

defendants in their official capacities must be dismissed under the doctrine of sovereign immunity.  An action against federal prison officials in their official capacities constitutes an action against the United States itself, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and *Bivens* claims against the United States are barred by sovereign immunity, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).  Because Walker's claims against the defendants in the official capacities are barred by sovereign immunity, this Court lacks jurisdiction to hear the claims, and they must be dismissed. *Kabakjian v. United States*, 267 F.3d 208, 211 (3d Cir. 2001) (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990) and *Clinton County Comm'rs v. EPA*, 116 F.3d 1018, 1021 (3d Cir. 1997)).

### 5.  Defendants' Personal Involvement

Walker's complaint must be dismissed as to the majority of named defendants because he does not allege their involvement in the two remaining claims.  "An individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Walker's complaint alleges no involvement by Rardin, Sawyer, Watson, Bam, or Gregg in his First Amendment or due process claims.[7]  Therefore, the two remaining claims against these defendants must be dismissed.

### 6.    First Amendment Claim[8]

Walker alleges the personal involvement of Zenk, Bittenbinder, and Litchard in denying him access to the courts by confiscating his legal material. The defendants argue that they are entitled to qualified immunity against Walker's First Amendment because Walker has failed to allege a constitutional violation.  The R&R recommends that the defendants' motion to dismiss Walker's First Amendment claim be denied as to Zenk, Bittenbinder, and Litchard because Walker has sufficiently alleged a denial of access to the courts claim against these defendants.  The Court will reject this recommendation and dismiss Walker's First Amendment claim against all defendants.

---

[7] The closest Walker comes to alleging the involvement of any of these defendants in the two claims remaining in this action is his assertion that "Defendant Kathleen Hawk Sawyer, (Director), is the Respondeat Superior, and is liable for the wrongful acts of her servants." (Compl. ¶ 46.)  By its very terms, this allegation of respondeat superior liability does not constitute the personal involvement required to state a civil rights claim.

[8] Throughout this litigation, Walker's claim of denial of his right of access to the courts has been referred to as his First Amendment claim.  As the Supreme Court has noted, however, the constitutional basis for this right is unsettled, and decisions have grounded the right in various constitutional provisions.  *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002).

The Supreme Court has identified two general categories of denial of access to courts claims. *Christopher v. Harbury*, 536 U.S. 403, 412-13 (2002); *see also Gibson v. Superintendent of N.J. Dep't of Law& Pub. Safety-Div. of State Police*, 411 F.3d 427, 441 (3d Cir. 2005). First are "forward-looking" claims which allege that official action frustrates a plaintiff in preparing and filing suit at the present time. *Christopher*, 536 U.S. at 413. Examples of such claims are where a prisoner plaintiff alleges the inadequacy of a prison law library or where an inability to pay a filing fee prevents a plaintiff from bringing suit. *See id.* "The object of such a claim is to remove the barrier so that the plaintiff can pursue the separate claim for relief. In these cases, the constitutional deprivation is demonstrated by the very fact that the plaintiff cannot presently pursue his underlying case until the frustrating condition is removed." *Gibson*, 411 F.3d at 441. The second category covers "backward-looking" claims which allege that official acts "have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief.... These cases do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable. The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the

judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Christopher*, 536 U.S. at 413-14 (citations omitted).  This case involves a backward-looking claim, as Walker alleges that the defendants' confiscation of his documents produced a negative outcome in his FTCA case.

Regardless of the circumstances in which a denial of access to the courts claim arises, the right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415.  Therefore, a plaintiff must assert an actual injury by identifying the nonfrivolous, arguable underlying claim compromised by the alleged denial of access.  *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).  "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.*  The underlying claim must be described with enough specificity "to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416.  In addition, "when the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought" because there is no point in allowing an access claim to go forward when the plaintiff would end up as well off by litigating his underlying

21

claim. *Id.* at 415. "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id.* at 417-18.

Walker has not met these pleading standards in this case. Walker alleges only that the defendants "did cause [him] to suffer actual injuries by illegally confiscating legal documents and receipts that will establish evidence of proof of ownership that will be needed to be presented in plaintiff's pending court proceedings" (Compl. ¶ 11) and that "[f]ormerly [his] Tort Claim [r]equest for [m]onetary [r]elief was rejected (*id*. at 1). These allegations do not identify Walker's underlying claim in anything but the most general manner, and certainly do not describe the predicate claim with enough detail to allow the Court to determine whether the claim is meritorious or whether other remedies are foreclosed. Walker's First Amendment claim must therefore be dismissed. *See Jacobs v. Beard*, 172 Fed. Appx. 452, 455-56 (3d Cir. 2006); *Allen v. Ripoll*, 150 Fed. Appx. 148, 150 (3d Cir. 2005).

Walker's First Amendment claim must also be dismissed for an additional reason. The Supreme Court has held that the actual injury requirement of an access claim "is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S.

at 354.  Prisoners' right of access to the courts is limited to two types of claims: (1)

attacks on the prisoner's conviction via direct appeal or habeas petition and (2)

civil rights actions to vindicate basic constitutional rights.  *Id.* at 354-55; *see also*

*Monroe v. Beard*, C.A. No. 05-4937, 2007 WL 764086, at *9  (E.D. Pa. Mar. 7,

2007).  As the Supreme Court has stated:

> In other words, *Bounds*[9] does not guarantee inmates the
> wherewithal to transform themselves into litigating engines
> capable of filing everything from shareholder derivative
> actions to slip-and-fall claims. The tools it requires to be
> provided are those that the inmates need in order to attack
> their sentences, directly or collaterally, and in order to
> challenge the conditions of their confinement. Impairment
> of any other litigating capacity is simply one of the
> incidental (and perfectly constitutional) consequences of
> conviction and incarceration.

*Lewis*, 518 U.S. at 355.

In this case, Walker's underlying claim does not challenge his conviction or

seek to vindicate his basic constitutional rights.  Rather, Walker alleges that the

defendants' actions frustrated his Federal Tort Claims Act case.  As the name

implies, the FTCA waives the sovereign immunity of the United States for tort

claims and provides federal district courts with jurisdiction over "claims against

the United States, for money damages ... caused by the negligent or wrongful act or

---

9  In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court acknowledged prisoners'
right of access to the courts.

omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Walker's underlying claim is thus at best a common law tort claim. It does not challenge his conviction and, although it may arise out of the alleged tortious actions of prison officials, it does not allege an unconstitutional condition of confinement. In fact, "the United States is not liable under the FTCA for money damages for suits arising out of constitutional violations." *Couden v. Duffy*, 446 F.3d 483, 499 (3d Cir. 2006).

Prisoners' right to access the courts "is not a generalized right to litigate but a carefully-bounded right." *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999) (citing *Lewis*, 518 U.S. at 355). Walker's tort claim does not fall within the bounds of this right. *See, e.g.*, *Smith v. Craven*, 61 Fed. Appx. 159, 162 (6th Cir. 2003) ("The right of access does not extend to a prisoner's property claim filed in state court."); *Thomas v. Rochell*, 47 Fed. Appx. 315, 317 (6th Cir. 2002) (state tort claims and medical malpractice claims against two prison doctors and the State of Tennessee did not support a claim that prisoner-plaintiff was denied his constitutional right of access to the courts); *Cody v. Weber*, 256 F.3d 764, 767-68

24

(8th Cir. 2001) (inmate's right of access to the courts extends only to an action

attacking a sentence or challenging conditions of confinement); *Wilson v.*

*Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (civil forfeiture case is "not the

kind of case that is included under the right of inmates access to the courts under

*Lewis*").  Even if Walker had identified his underlying claim with the requisite

specificity, his First Amendment claim must still be dismissed because his FTCA

claim cannot fulfill the actual injury requirement of a denial of access claim.

Walker's First Amendment claim will therefore be dismissed in its entirety.

### 7.    Due Process Claim

Walker has also alleged the personal involvement of Zenk, Bittenbinder, and

Sanchez in denying him due process in relation to the discipline imposed upon him

for possession of a weapon.  Walker alleges that these defendants conspired to

plant a weapon in his cell and then gave false testimony at his disciplinary hearing

in order to secure a finding of his guilt.  Defendants argue, and the R&R

recommends, that Walker's claims regarding his discipline be dismissed under the

*Heck* doctrine.  The Court agrees and will adopt this recommendation.

Under the doctrine acknowledged by the Supreme Court in *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), a civil rights plaintiff may not bring a

constitutional claim "if success in that action would necessarily demonstrate the

25

invalidity of the confinement or its duration," *Wilkinson v. Dotson*, 544 U.S. 74,

81-82 (2005), unless the plaintiff proves the sentence of confinement "has been

reversed on direct order, declared invalid by a state tribunal authorized to make

such determination, or called into question by a federal court's issuance of a writ of

habeas corpus," *Heck*, 512 U.S. at 486-87.

   In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court applied the

*Heck* doctrine to a prisoner's civil rights claim alleging the unconstitutionality of

procedures that were used during a disciplinary hearing that resulted in the

deprivation of good-time credits.  *See also Wilkinson*, 544 U.S. at 81-82 (stating

*Heck* applies to "internal prison proceedings").  In *Edwards*, a state prisoner was

found guilty of various prison infractions and sentenced to 10 days isolation, 20

days segregation, and deprived of 30 days' good-time credit.  The prisoner filed a

due process claim under § 1983 action, alleging that unconstitutional procedures

were used in his disciplinary proceeding.  Specifically, he alleged that the

disciplinary hearing officer concealed exculpatory witness statements, refused to

ask specified questions and prevented him from introducing exculpatory material.

The prisoner requested declaratory relief, money damages and prospective

injunctive relief, however, he did not request restoration of his lost good-time

credits.  Relying on *Heck*, the Supreme Court held that the prisoner's claim for

money damages and declaratory relief was not cognizable under § 1983 because the establishment of the procedural defects complained of would entitle the prisoner to restoration of the lost good-time credits that had been deducted as a result of the hearing, thus invalidating the duration of his confinement. *Edwards*, 520 U.S. at 646-48.

The rule established by the line of cases including *Heck* and *Edwards* is that a prisoner's civil rights action is barred – regardless of the relief sought and regardless of the circumstances giving rise to the claim – if success in that action would necessarily demonstrate the invalidity of confinement or the duration of confinement. *Wilkinson*, 544 U.S. at 81-82. Walker's due process claim is barred by this rule.[10]

In this case, Walker seeks money damages for the discipline allegedly imposed on him in violation of due process. The DHO rejected Walker's argument that the weapon was planted, relying in part on Sanchez's testimony, and sanctioned Walker with 60 days disciplinary segregation, 6 months loss of commissary privileges, and disallowance of 41 days good-conduct time. (Doc. 22

---

[10] Although *Heck* and *Edwards* involved § 1983 claims, federal courts have consistently applied the *Heck* doctrine to *Bivens*-type actions like Walker's. *See Dare v. United States*, C.A. No. 06-115, 2007 WL 1811198, at *5 n.3 (W.D. Pa. June 21, 2007) (collecting cases).

at 102.)[11]  In this action, Walker seeks to establish that the DHO's reliance on

Sanchez's allegedly false testimony and his conclusion that the weapon was not

planted are incorrect.  Walker's success in this action would necessarily invalidate

the DHO's finding that Walker possessed the weapon and the loss of Walker's

good-conduct time imposed as a sanction for that offense.  Walker presents no

evidence that the DHO's finding was overturned.  Walker's action therefore fits

squarely within the category of claims barred by *Heck* and *Edwards*.  *See  Johnson

v. Derose*, C.A. No. 05-cv-342, 2007 WL 1074507, at *19-22 (M.D. Pa. Apr. 4,

2007).  This is so even though Walker seeks only money damages and not the

reinstatement of his good-conduct credits.  *See Edwards*, 520 U.S. at 643-44;

*Wilkins v. Bittenbender*, No. 06-2827, 2007 WL 708993, at *1 (3d Cir. Mar. 7,

2007) (citing *Torres v. Fauver*, 292 F.3d 141, 145 (3d Cir. 2002)); *Johnson*, 2007

WL 1074507 at *21, 22.  Walker's due process claim must be dismissed.

---

[11] The Court may consider this indisputably authentic document concerning the resolution of the disciplinary hearing referenced in Walker's complaint without converting the defendants' motion to dismiss to one for summary judgment.  *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003).

## III.   CONCLUSION

For the foregoing reasons, Walker's joinder motion will be denied, the defendants' and Walker's motions for summary judgment will be denied, and the defendants' motion to dismiss will be granted.  Walker's complaint will be dismissed in its entirety with prejudice.  Dismissal with prejudice is appropriate where amendment of the plaintiff's claims would be futile.  *See Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  Here, Walker's claims for money damages against the defendants in their official capacities are barred by sovereign immunity. Walker cannot state a First Amendment claim because his underlying FTCA claim does not meet the actual injury standard for a denial of access to the courts claim, and Walker's due process claim is barred by the *Heck* doctrine.  Amendment of Walker's complaint would be futile, and therefore, the complaint will be dismissed with prejudice.  An appropriate order will issue.